**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111436

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Holly F. Vosefski and Sean Conety, <br><br> Plaintiffs, <br><br> vs. <br><br> Monarch Recovery Management, Inc., <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Holly F. Vosefski and Sean Conety (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Monarch Recovery Management, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

1

**PARTIES**

5.      Plaintiffs are individuals who are citizens of the State of New York.

6.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant's principal place of business is located in Philadelphia, Pennsylvania.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

10.      Defendant alleges Plaintiffs owe a debt ("the debts").

11.      The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

12.      Plaintiffs' debts were incurred on credit cards.

13.      Plaintiffs' credit cards accrued interest.

14.      Plaintiffs' credit cards accrued late fees.

15.      Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

16.      Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

17.      In its efforts to collect Plaintiff Vosefski's debt, Defendant contacted Plaintiff Vosefski by letter dated October 1, 2015 (the "Vosefski Letter"). ("Exhibit 1.")

18.      In its efforts to collect Plaintiff Conety's debt, Defendant contacted Plaintiff Conety by letter dated July 29, 2016 (the "Conety Letter"). ("Exhibit 1.")

19.      The letters were the initial communications to Plaintiffs from Defendant concerning the debts referenced therein.

20.      The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

2

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Failure to Adequately Convey the Amount of the Debt**
**AS TO PLAINTIFF VOSEFSKI**

21.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

22.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

23.    One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

24.    A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

25.    The Vosefski Letter sets forth, "Total Balance as of 01 OCT 2015: $309.95."

26.    The Vosefski Letter does not disclose whether the "Total Balance as of 01 OCT 2015" may increase due to additional interest.

27.    The Vosefski Letter does not disclose whether the "Total Balance as of 01 OCT 2015" may increase due to additional late fees.

28.    The Vosefski Letter does not include any "safe harbor" language concerning the accrual of interest and/or fees.

29.    The Vosefski Letter would render the least sophisticated consumer unable to determine the amount of his or her debt.

30.    The Vosefski Letter would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest would continue to accrue.

31.    The Vosefski Letter would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether late fees would continue to accrue.

32.    The least sophisticated consumer could read the Vosefski Letter to mean that the "Total Balance as of 01 OCT 2015" was static.

33.    The least sophisticated consumer could read the Vosefski Letter to mean that the "Total Balance as of 01 OCT 2015" was subject to further interest and/or fees after October 1,

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

2015.

34.     The least sophisticated consumer could read the Vosefski Letter to mean that the "balance due" was accurate only on the date of the letter.

35.     The least sophisticated consumer would be confused as to how she could satisfy the debt.

36.     Defendant failed to clearly state the amount of the debt.

37.     Defendant failed to unambiguously state the amount of the debt.

38.     Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF VOSEFSKI**

39.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

40.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41.     § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

42.     The Vosefski Letter sets forth, "Total Balance as of 01 OCT 2015: $309.95."

43.     The Vosefski Letter does not disclose whether the "Total Balance as of 01 OCT 2015" may increase due to additional interest.

44.     The Vosefski Letter does not disclose whether the "Total Balance as of 01 OCT 2015" may increase due to additional late fees.

45.      The Vosefski Letter does not include any "safe harbor" language concerning the accrual of interest and/or fees.

46.     The Vosefski Letter is deceptive and/or misleading under 15 U.S.C. § 1692e because it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

47.     The Vosefski Letter can reasonably be read by the least sophisticated consumer to mean that the "Total Balance as of 01 OCT 2015" was static.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

48.    The Vosefski Letter can also reasonably be read by the least sophisticated consumer to mean that the "Total Balance as of 01 OCT 2015" was subject to further interest and/or fees after October 1, 2015.

49.    The Vosefski Letter can also reasonably be read by the least sophisticated consumer to mean that the "balance due" was accurate only on the date of the letter.

50.    The Vosefski Letter would render the least sophisticated consumer unable to determine the amount of his or her debt.

51.    The Vosefski Letter would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest would continue to accrue.

52.    The Vosefski Letter would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether late fees would continue to accrue.

53.    For the foregoing reasons, the Vosefski Letter is deceptive and/or misleading under 15 U.S.C. § 1692e.

### THIRD COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), § 1692e(5), and § 1692e(10)
### AS TO PLAINTIFF VOSEFSKI

54.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

57.    15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

58.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to attempt to collect any debt.

59.    The Vosefski Letter offers Plaintiff Vosefski a settlement on his debt of $309.95.

60.    The settlement offered to Plaintiff Vosefski would result in a debt discharge forgiveness of less than $600.00, if the amount of the debt was static.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

61.     The Vosefski Letter sets forth certain information concerning IRS reporting requirements for debt forgiveness.

62.     The least sophisticated consumer would reasonably believe that Defendant included the IRS reporting requirements because it was relevant.

63.     The least sophisticated consumer would reasonably believe that Defendant included the IRS reporting requirements because the consumer's acceptance of the settlement offer would have tax consequences.

64.     26 U.S.C. § 6050P requires any applicable entity discharging (in whole or part) any person's debt to make a Form 1099-C return setting forth certain information about the individual and the discharge, unless the discharge is for less than $600.00.

65.     Debt discharge forgiveness may not be reported as income when an exception applies.

66.     The settlement offered to Plaintiff Vosefski could not possibly have been reportable.

67.     The settlement offered to Plaintiff Vosefski could not possibly have been reportable because it would result in debt forgiveness of less than $600.00.

68.     The settlement offered to Plaintiff Vosefski could not possibly have been reportable under the relevant exceptions.

69.     Defendant's inclusion of the IRS reporting requirements implies that the settlement may have tax consequences.

70.     Defendant's implication that the settlement may have tax consequences is false.

71.     Defendant's implication that the settlement may have tax consequences is a threat to take action that cannot legally.

72.     Defendant's implication that the settlement may have tax consequences is a threat that is not intended to be taken by Defendant.

73.     Defendant's implication that the settlement may have tax consequences is misleading because it states that a certain action is possible even though Defendant has reason to know that the action will not happen.

74.     Defendant's implication that the settlement may have tax consequences is misleading because it states that a certain action is possible even though Defendant has reason to know that there are facts that make the action unlikely.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

75.     Defendant's implication that the settlement may have tax consequences would likely lead the least sophisticated consumer to be misled into thinking that there will be adverse tax consequences for accepting Defendant's settlement offer.

76.     Defendant's implication that the settlement may have tax consequences would likely be interpreted by the least sophisticated consumer to be a threat that any settlement will be reported to the IRS.

77.     Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would affect the consumer's decision concerning whether or not to accept Defendant's settlement offer.

78.     Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would lead the consumer to believe the consumer could get in trouble with the IRS for refusal to pay the debt.

79.     Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would lead the consumer to believe the consumer could get in trouble with the IRS for obtaining any debt forgiveness.

80.     For the foregoing reasons, the Vosefski Letter violates 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10).

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Failure to Adequately Convey the Amount of the Debt**
**AS TO PLAINTIFF CONETY**

81.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

83.     One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

84.     A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

85.     The Conety Letter sets forth, "Total Balance as of 29 JUL 2016: $6229.27."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

7

86.     The Conety Letter offers Plaintiff a settlement.

87.     The settlement amount is stated as "$2803.17 as of the date of this letter."

88.      The Conety Letter also states "Please note this settlement amount will change if the total balance due changes."

89.     The Conety Letter does not disclose how the total balance due will change.

90.     The Conety Letter does not disclose the interest rate, if applicable, or the date interest will run.

91.     The Conety Letter does not disclose any late fees, if applicable, or the date such fees will be added.

92.     The least sophisticated consumer would not know, if he or she tenders the "settlement amount," whether that will be accepted by the creditor as a settlement.

93.     The letter entices the least sophisticated consumer to make a partial payment that may or may not satisfy the debt.

94.      The Vosefski Letter does not include any "safe harbor" language concerning the settlement amount.

95.     The Vosefski Letter would render the least sophisticated consumer unable to determine the true value of the settlement.

96.     Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt, and the amount that would satisfy the debt.

## JURY DEMAND

97.     Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.      Statutory damages of $1,000.00 against Defendant in favor of Plaintiff Holly F. Vosefski pursuant to 15 U.S.C. § 1692k; and

b.      Statutory damages of $1,000.00 against Defendant in favor of Plaintiff Sean Conety pursuant to 15 U.S.C. § 1692k; and

c.      Plaintiffs' actual damages; and

d.      Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

8

e.      Plaintiffs' costs; all together with

f.      Such other relief that the Court determines is just and proper.


DATED: September 29, 2016

                                        **BARSHAY SANDERS, PLLC**

                                        By:  ___/s/ Craig B. Sanders_____
                                        BARSHAY SANDERS, PLLC
                                        100 Garden City Plaza, Suite 500
                                        Garden City, New York 11530
                                        Tel: (516) 203-7600
                                        Fax: (516) 706-5055
                                        csanders@barshaysanders.com
                                        *Attorneys for Plaintiffs*
                                        Our File No.: 111436

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530